

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE TORO COMPANY, § | | No. 08-24-00348-CV |
| Appellant, § | | Appeal from the |
| v. § | | 346th Judicial District Court |
| FILIX LIRA, SR., MARIBEL LIRA, § | | of El Paso County, Texas |
| CRYSTAL LIRA, MICHAEL LIRA, ANGEL LIRA, DANIEL LIRA, FELIX § | | (TC# 2022DCV3393) |
| LIRA, JR., and MARIBEL LIRA AS NEXT FRIEND OF V.C., A MINOR, § | | |
| Appellees. § | | |

**MEMORANDUM OPINION**

Appellant, The Toro Company, filed a "Petition for Permissive Appeal Under TRAP 28.3 of Order Denying Defendant's Rule 91A Motion to Dismiss" seeking to appeal an interlocutory order denying Toro's Rule 91a Motion to Dismiss. We deny the petition without prejudice.

Appellate jurisdiction over interlocutory appeals is limited by statute. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). Permissive appeals of an interlocutory order are governed by Texas Civil Practice and Remedies Code § 51.014(d) and (f) as well as Texas Rule of Civil Procedure 168 and Texas Rule of Appellate Procedure 28.3.

When seeking review by permissive appeal, the petitioner must first obtain the trial court's permission to appeal. Tex. R. Civ. P. 168; Tex. Civ. Prac. & Rem. Code § 51.014(d). Civil Practice and Remedies Code § 51.014(d) authorizes the trial court to permit an interlocutory appeal if "(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation." Tex. Civ. Prac. & Rem. Code §51.014(d); Tex. R. Civ. P. 168 (same). The order granting permission to appeal "must *identify* the controlling question of law as to which there is a substantial ground for difference of opinion and state *why* an immediate appeal may materially advance the ultimate termination of the litigation." Tex. R. Civ. P. 168 (emphasis added); *see also* Tex. Civ. Prac. & Rem. Code § 51.014(d). If the trial court properly grants permission to appeal, an appellate court may accept a timely appeal that comports with § 51.014(d) if the appealing party explains why the appeal is warranted under that subsection. *Id.* at § 51.014(f).

Here, the trial court's order does not meet the requirements of Texas Rule of Civil Procedure 168. Instead, the order merely states: "1) there is a controlling question of law as to which there is a substantial ground for difference; and 2) an immediate appeal from the order may materially advance the ultimate termination of litigation." The petitioning party frames its issue presented as: "Can a shipper be held liable to an injured motorist for the actions of a commercial driver who was not its employee, over whom the shipper exercised no control, and someone the shipper did not hire?" But in a permissive appeal, we are specifically tasked to resolve a controlling question of law framed by the trial court in its order, which also explains why an immediate appeal may materially advance the ultimate termination of the litigation. *See, e.g., Feagan v. Wilson*, No. 11-21-00032-CV, 2021 WL 1134804 at *1 (Tex. App.—Eastland Mar. 25, 2021, no pet.) (mem.

op.) (denying a petition for permissive interlocutory appeal because the trial court's order neither identified the controlling question of law nor stated why an immediate appeal may materially advance the litigation as compelled by Rule 168); *Patel v. Nations Renovations, LLC*, No. 02-21-00031-CV, 2021 WL 832719 at *1 (Tex. App.—Fort Worth Mar. 4, 2021, no pet.) (mem. op.) (same); *Scarborough v. City of Houston*, No. 01-16-00302-CV, 2017 WL 117329, at *1 (Tex. App.—Houston [1st Dist.] Jan. 12, 2017, no pet.) (per curiam) (mem. op.) (same).

Because the trial court order appealed from does not meet the requirements of Texas Rule of Civil Procedure 168, we deny the petition. We do so without prejudice to either party timely petitioning for permission to appeal from an amended order that complies with the permissive interlocutory appeal rules and statutory requirements.

LISA J. SOTO, Justice

October 31, 2024

Before Alley, C.J., Palafox and Soto, JJ